UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Jayendra Parekh,

                    Plaintiff,                    CV-08-1994 (CPS)

    - against -                                   MEMORANDUM
                                                  AND ORDER
Swissport Cargo Services, Inc.
Swissport Cargo Services, L.P.,

                    Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

    Jayendra Parekh ("plaintiff") commenced this employment

discrimination action against Swissport Cargo Services, Inc. and

Swissport Cargo Services, L.P. ("defendant"), on May 16, 2008.

Plaintiff alleges, in twenty separately stated causes of action,

claims of unlawful termination, failure to promote,

discrimination in the terms and conditions of his employment,

based on his race, color, religion, and national origin, creation

of a hostile work environment, and retaliation under Title VII of

the Civil Rights Act of 1964, as amended, 41 U.S.C. § 2000e *et*

*seq*. ("Title VII"); failure to promote, discrimination in the

terms and conditions of his employment, and retaliation under the

Age Discrimination in Employment Act of 1967, as amended, 29

U.S.C. § 621 *et seq.* ("ADEA"); unlawful termination, failure to

promote, discrimination in the terms and conditions of his

employment, based on his race, color, religion, and national

origin, the creation of a hostile work environment, and

retaliation under the New York State Human Rights Law, N.Y. Exec.
L. § 296 *et seq*. ("NYSHRL"); unlawful termination, failure to
promote, discrimination in the terms and conditions of his
employment, based on his race, color, religion, and national
origin, the creation of a hostile work environment, and
retaliation under the New York City Human Rights Law, 22 N.Y.C.
Admin. Code § 8-101 *et seq*. ("NYCHRL"); and breach of contract.
Plaintiff seeks a declaratory judgment, reinstatement, individual
and systemic injunctive relief, actual and compensatory damages,
punitive damages, and attorneys' fees.

Presently before the Court is defendant's motion to dismiss
plaintiff's Title VII claims for religious discrimination and
retaliation for failure to state a claim, pursuant to Fed. R.
Civ. Pro. 12(b)(6). Defendant also seeks to dismiss all claims
against Swissport Cargo Services, Inc. For the reasons set forth
below, defendant's motion is granted.

## BACKGROUND

The following facts are taken from the plaintiffs' complaint
and the parties' papers submitted in connection with this motion.
Disputes are noted. Plaintiff is a 71 year old male of Indian
origin. Joint Charge of Discrimination[1] and Complaint at ¶ 3

---

[1]The Charge of Discrimination was not attached to the complaint, but is
included in the defendant's submission. A court may consider documents
referred to in the complaint and integral to it. *See I. Meyer Pincus &
Associates, Inc. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991).
A court may also consider documents submitted by defendants in connection with
a motion to dismiss where "(1)plaintiffs have undisputed notice of the

("Compl."). He identifies himself as of South Asian race, brown
color, and Hindu religion. Compl. at ¶ 3  Plaintiff commenced
employment with defendant in 2003, and remained continuously
employed by defendant until April 11, 2007. *Id*. at ¶ 12.
Throughout his tenure, plaintiff held the position of Cargo
Supervisor. *Id.* at ¶ 13. During the course of plaintiff's
employment, defendant is alleged to have taken the following
actions: (1) defendant failed to provide adequate resources and
employees in plaintiff's work shift, leaving plaintiff's work
shift undermanned; (2) defendant refused to allow plaintiff the
opportunity to work the day shift and instead assigned younger
and less senior employees to the day shift; (3) defendant
transferred plaintiff to the warehouse and allowed junior
employees to work in the office, despite the fact that plaintiff
was hired to work in the office; (4) defendant imposed conditions
on plaintiff's requests for vacation time, which were not
required of other employees; (5) defendant provided cell phones
to all supervisors except for plaintiff for a period of over one
year; (6) defendant denied plaintiff's application for promotion,

---

contents of such documents; and (2) such documents are integral to plaintiff's
claims." *Bridgeway Corp. v. Citybank*, 132 F.Supp. 2d 297, 303 (S.D.N.Y. 2001)
(citing Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.
1991) ("Where plaintiff has actual notice of all the information in the
movant's papers and has relied upon these documents in framing the complaint
the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is
largely dissipated.")  Plaintiff filed the Joint Charge himself and therefore
has notice of its contents, and filing this Joint Charge is a prerequisite to
plaintiff's Title VII claims in this Court.

despite the fact that plaintiff was qualified; (7) defendant's discipline of plaintiff was unwarranted and based on non-specific complaints, and was exercised in a discriminatory manner; (8) defendant repeatedly harassed plaintiff and subjected him to a hostile work environment. *Id*. at ¶ 14. Plaintiff reported this misconduct and other instances of defendant's discriminatory actions to his supervisor. *Id*. at ¶ 15. Defendant allegedly terminated plaintiff on the pretext of failing to meet the minimum requirements for his position. *Id*. at ¶ 16.

Plaintiff filed a Joint Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the New York State Division of Human Rights on May 26, 2007 ("Joint Charge"). *Id*. at ¶ 19. In the section describing the basis for discrimination, plaintiff checked boxes next to "race," "color," "age," and "national origin." Plaintiff listed the instances of discrimination stated above. Lahr Declaration Ex. B. On February 19, 2008, the EEOC issued a Notice of Right to Sue to plaintiff. *Id.* Plaintiff timely commenced this action within 90 days of receipt of the EEOC notice.

## DISCUSSION

In his opposition to defendant's motion to dismiss certain claims, plaintiff has agreed to withdraw the complaint as against Swissport Cargo Services, Inc. and to withdraw all claims of religious discrimination and retaliation under State and Federal

law.  Accordingly, the issues remaining relate to defendant's
motion to dismiss plaintiff's Title VII hostile work environment
claim.


*Motion to Dismiss--Standard*

In considering a motion pursuant to Rule 12(b)(6), a court
should construe the complaint liberally, "accepting all factual
allegations in the complaint as true, and drawing all reasonable
inferences in the plaintiff's favor," *Chambers v. Time Warner,
Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal citations and
quotations omitted), although "mere conclusions of law or
unwarranted deductions" need not be accepted.  *First Nationwide
Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994).  In
a motion to dismiss, "[t]he issue is not whether a plaintiff will
ultimately prevail but whether the claimant is entitled to offer
evidence to support the claims." *Villager Pond, Inc. v. Town of
Darien*, 56 F.3d 375, 378 (2d Cir. 1995).  Dismissal is
appropriate only when it "appears beyond a doubt that the
plaintiff can prove no set of facts which would entitle him or
her to relief."  *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.
2000).  This rule "is to be applied with particular strictness
when the plaintiff complains of a civil rights violation."
*Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the

allegations in the complaint must meet the standard of

"plausibility." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955,

1970 (2007). Although the complaint need not provide "detailed

factual allegations," *id*. at 1964; *see also ATSI Commc'ns v.*

*Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007) (applying

the standard of plausibility outside *Twombly*'s anti-trust

context), it must "amplify a claim with some factual

allegations... to render the claim *plausible*." *Iqbal v. Hasty*,

490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). In

other words, the complaint must provide "the grounds upon which

[the plaintiff's] claim rests through factual allegations

sufficient 'to raise a right to relief above the speculative

level.'" *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Twombly*, 127

S.Ct. at 1965). In addition, a complaint should be dismissed

under Rule 12(b)(6) if a court finds that the plaintiff's claims

are barred as a matter of law. *Conopco, Inc. v. Roll Intern.*,

231 F.3d 82, 86 (2d Cir. 2000).

The Supreme Court has clarified the standard for dismissal

as it relates to employment discrimination claims. In

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506; 122 S. Ct. 992; 152 L.

Ed. 2d 1 (2002), the Court, in reviewing the Second Circuit's use

of a heightened pleading standard for discrimination claims

brought under Title VII and the Age Discrimination in Employment

Act (ADEA), held that a plaintiff bringing an employment

discrimination claim is required only to comply with the liberal

rules for notice pleading set forth in Fed. R. Civ. P. 8(a)(2).

*See id.* at 507.  The plaintiff need only provide "a short and

plain statement of the claim showing that the pleader is entitled

to relief," Fed. R. Civ. P. 8(a)(2), and "[s]uch a statement must

simply 'give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests.'" *Id.* (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).


*Exhaustion*

Defendant argues that plaintiff has not exhausted his

administrative remedies as to his hostile work environment claim,

because the claim was not stated in the Joint Charge.  The

exhaustion of administrative remedies is a precondition to

bringing a Title VII claim in federal court.  *Francis v. City of*

*New York and Human Resources Administration*, 235 F.3d 763, 768

(2d Cir. 2000).  A district court may only hear Title VII claims

that are included in an EEOC charge or are based on conduct which

is "reasonably related" to that alleged in the EEOC charge.

*Butts v. City of New York Department of Housing Preservation and*

*Development*, 990 F.2d 1397, 1401 (1993) (quoting *Stewart v.*

*United States Immigration and Naturalization Service*, 762 F.2d

193, 198 (2d Cir. 1985)).  The conduct reasonably related to the

EEOC charge need not have taken place before the charge was

filed.  *Francis*, 235 F.3d at 766.  The purpose of this
requirement is to encourage settlement of discrimination disputes
through conciliation and voluntary compliance, which would be
defeated if a complainant could litigate a claim not previously
presented to the EEOC.  *Butts*, 990 F.2d 1401.

The Second Circuit has recognized three situations in which
claims not alleged in an EEOC charge are sufficiently related to
the charge that they may be brought in a civil action.  *Butts*,
990 F.2d at 1402.  They exist when the claim stated in the
complaint alleges conduct that would 1) fall within the scope of
the EEOC investigation which can reasonably be expected to grow
out of the charge of discrimination; 2) constitute retaliation
for filing a timely EEOC charge; or 3) constitute further
incidents of discrimination perpetrated in the same manner as
alleged in the EEOC charge.  *Id*. at 1402-03; see also *Holtz v.
Rockefeller & Co., Inc*., 258 F.3d 62, 83 (2d Cir. 2001).  The
second exception is not applicable as plaintiff was terminated
prior to filing his EEOC complaint.  The third is not applicable
because the hostile work environment claim does not allege any
further incidents of discrimination not stated in the EEOC
charge.  The question remaining is whether the conduct alleged
could reasonably be expected to produce an investigation into
plaintiff's allegedly hostile work environment.

*Hostile Work Environment*

Plaintiff's hostile work environment claim is not reasonably related to the conduct alleged in the Joint Charge, nor does it fall within the scope of the EEOC investigation that could reasonably be expected to grow out of the allegations that were made. The allegations listed in the Joint Charge do not provide any basis for claiming a hostile work environment as defined by case law.

The Supreme Court has interpreted Title VII to prohibit "requiring people to work in a discriminatorily hostile or abusive environment." *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 21; 114 S.Ct. 367; 126 L.Ed.2d 295 (1993) (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64; 106 S.Ct. 2399; 91 L.Ed.2d 49 (1986)). To make out a successful hostile work environment claim, a plaintiff must show that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Id.* at 21 (citations omitted); *accord Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). The conduct must create an "objectively hostile or abusive work environment," and the victim must "subjectively perceive the environment to be abusive." *Id.* A court determines whether an environment is objectively hostile "only by looking at all the circumstances." *Id.* at 23. Factors to consider in this

determination include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an  employee's work performance." *Id*. at 23.

Although "[t]he incidents comprising a hostile work environment claim need not make reference to any trait or condition on the basis of which the discrimination has occurred," they must occur under circumstances in which "the incidents can reasonably be interpreted as having taken place on the basis of that trait or condition." *Svenningsen v. College of Staten Island*, 2003 U.S. Dist. LEXIS 25816, 2003 WL 21143076, at *2 (E.D.N.Y. 2003) (citing *Gregory v. Daly*, 243 F.3d 687, 694-95 (2d Cir. 2001)).  Isolated incidents of offensive conduct are generally inadequate to establish a discrimination claim; plaintiff must show "either a single incident was extraordinarily severe, or that a series of incidents was sufficiently continuous and concerted" to cause a change in the work environment.  *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) (citation omitted).  After establishing that a hostile work environment resulting from discrimination exists, a plaintiff must show that there is a basis for imputing the discriminatory conduct to his employer.  *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir. 1996).

Although the standard for establishing a hostile work environment is high, the Second Circuit has "repeatedly cautioned against setting the bar too high, noting that while a mild, isolated incident does not make a work environment hostile, the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of his employment altered for the worse." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d. Cir 2001) (internal quotations omitted) (citing *Whidbee v. Garzarelli Food Specialties, Inc*., 223 F.3d 62, 70 (2d Cir. 2000). The environment need not be "unendurable" or "intolerable." 223 F.3d at 70. Nor must the victim's "psychological well-being" be damaged. *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001).

Hostile work environment claims tend to involve personal attacks and harassing comments directed at the plaintiff. *See, e.g. Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) (where there was evidence that defendant told plaintiff's co-workers not to speak to plaintiff, defendant told co-workers that plaintiff was "nuts" and was having a nervous breakdown, at least weekly defendant yelled at plaintiff, and that defendant broke into plaintiff's desk and purposefully discarded some of his personal belongings in order to harass him, there was a hostile work environment claim); *Gregory v. Daly*, 243 F.3d 687, 692-3 (2d Cir. 2001) (where defendant made demeaning comments about women, made

sexually demeaning statements, initiated unwelcome physical

conduct of a sexual nature, and would call or come to plaintiff's

office and continually belittle her, using foul language and

yelling continually or made innuendos, vulgar and sexually

explicit comments, plaintiff had made out a hostile work

environment claim); *Howley v. Town of Stratford*, 217 F.3d 141,

154-56 (2d Cir. 2000) (where defendant made sexually explicit and

aggressive comments as plaintiff entered a meeting and made

further harassing comments that undermined plaintiff's ability to

lead as a firefighter, there were sufficient facts to support a

claim for hostile work environment); *Richardson v. New York State*

*Dep't of Correctional Serv*., 180 F.3d 426 (2d Cir. 1999)

(sufficient facts to plead a hostile working environment where

colleagues used multiple racial slurs in plaintiff's presence and

directed towards her on a regular basis).

Plaintiff's complaints concerning unfair disciplinary

actions, shift changes, reduction in manpower, wrongfully

withheld vacation time, failure to provide him with proper

equipment, workplace transfers, failure to promote, and his

termination contain no suggestion of hostility or offensiveness.

Nor is there any indication in the Joint Charge or plaintiff's

complaint that the defendant acted the way it did *because of* the

plaintiff's race, color, or national origin, let alone facts

indicating that "the workplace is permeated with discriminatory

intimidation, ridicule, and insult, that is sufficiently severe
or pervasive to alter the conditions of the victim's employment."
*Harris*, 510 U.S. at 21.  The Joint Charge would not reasonably
have given rise to an EEOC investigation into a hostile work
environment claim.  Plaintiff has simply alleged in his complaint
that defendant harassed him and subjected him to a hostile work
environment on the basis of his race, color, religion, national
origin, and/or age.  Compl. at ¶ 14.  These conclusory
allegations do not suffice to state a claim.

## CONCLUSION

For the reasons set forth above, the motion to dismiss
Swissport Cargo Services, Inc., is granted, the motion to dismiss
plaintiff's Title VII claims for religious discrimination and
retaliation is granted, and the motion to dismiss plaintiff's
Title VII hostile work environment claim is granted.  The Clerk
is directed to transmit a copy of the within to all parties and
the assigned Magistrate Judge.

SO ORDERED.

Dated:    Brooklyn, New York
          February 5, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge